**PAUL W. SIEGERT (PS 8521)**
Attorney for Defendant,
Li Xing Inc. d/b/a Szechuan Gourmet
Office & P.O. Address
307 Fifth Avenue, 4th Floor
New York, NY 10016
**Tel:   (212) 564-8181**
Fax:   (212) 564-4414
Email: paulsiegert@aol.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF NEW YORK

------------------------------------------------------------------X

**PEDRO FONTANES,**

                Plaintiff,

-v-

**LI XING INC.** d/b/a Szechuan Gourmet, and **CENTURY TOWER LLC,**

                Defendants.

Case No. **1:16-CV-4618**

<u>**ANSWER**</u>

------------------------------------------------------------------X

    Defendant, Li Xing Inc., d/b/a Szechuan Gourmet, by its attorney, Paul W. Siegert, as and for its Answer to the Complaint, alleges as follows:

    1.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "1".

    2.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "2".

3. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "3".

4. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "4".

5. Admits the allegations contained in paragraph "5".

6. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "6".

7. Denies and admits as above the allegations incorporated by reference in paragraph "7".

8. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "8" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

9. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "9" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

10. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "10" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

11. Denies knowledge or information sufficient to form a belief with respect to

the allegations contained in paragraph "11" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

12. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "12" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

13. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "13" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

14. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "14" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

15. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "15" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

16. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "16" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute

prohibiting discrimination on the basis of disability.

17. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "17" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

18. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "18" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

19. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "19" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

20. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "20" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

21. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "21" as to plaintiff visiting the premises as a customer and further denies knowledge or information sufficient to form a belief with respect to the allegations of noncompliance.

22. Denies knowledge or information sufficient to form a belief with respect to

the allegations contained in paragraph "22".

23. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "23".

24. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "24".

25. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "25".

26. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "26".

27. Denies the allegations contained in paragraph "27" insofar as defendant has (wilfully) discriminated and (intends) to continue to discriminate.

28. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "28".

29. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "29".

30. Denies and admits as above the allegations incorporated by reference in paragraph "30".

31. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "31" except admits that the the New York State Human Rights Law (N.Y.Exec. Law § 296(2)(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

32. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "32" except admits that the the New York State Human Rights Law (N.Y.Exec. Law § 296(2)(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof and further denies that this defendant has *wilfully* refused to remove barriers.

33. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "33" except admits that the the New York State Human Rights Law (N.Y.Exec. Law § 296(2)(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

34. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "34" except admits that the the New York State Human Rights Law (N.Y.Exec. Law § 296(2)(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

35. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "35" except admits that Li Xing Inc. is the lesse and/or proprietor of the premises.

36. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "36".

37. Denies the allegations contained in paragraph "37".

38. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "38" except admits that the the New York State Human Rights Law (N.Y.Exec. Law § 297(9)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

39. Denies and admits as above the allegations incorporated by reference in paragraph "39".

40. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "40" except admits that the the New York City Human Rights Law (N.Y.C. Admin Code § 8-107(4)(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

41. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "41" except admits that the the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

42. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "42" except admits that the the New York City Human Rights Law (N.Y.C. Admin Code § 8-102(9)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

43. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "43" except admits that the the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(g)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

44. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "44".

45. Denies the allegations contained in paragraph "45".

46. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "46" except admits that the the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

47. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "47" except admits that the the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(g)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

48. Denies and admits as above the allegations incorporated by reference in paragraph "48".

49. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "49" except admits that the New York Civil Rights

Law (N.Y. Civil Rights Law § 40-c(2)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

50. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "50" except admits that the New York Civil Rights Law (N.Y. Civil Rights Law § 40-d) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

51. Denies the allegations contained in paragraph "51".

52. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "52" except admits that the New York Civil Rights Law (N.Y. Civil Rights Law § 40-d) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

53. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "53".

**WHEREFORE,** this answering defendant demands judgment dismissing the complaint together with the costs and disbursements of this action.

Dated: New York, New York
September 2, 2016

_____
**PAUL W. SIEGERT**
Attorney for Defendant, **LI XING INC.**

To:

Deon J. Nossel, Esq.
253 West 72nd Street, #507
New York, NY 10023

Century Tower LLC
555 Route 18 South, #377
East Brunswick, NJ 08816

Century Tower LLC
35 Jernee Drive
East Brunswick, NJ 08816

Docket No. 1:16-CV-4618
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

**PEDRO FONTANES,**

                                               Plaintiff,

      -v-

**LI XING INC.** d/b/a Szechuan Gourmet, and **CENTURY TOWER LLC,**

                                               Defendants.

---

**ANSWER**

---

**PAUL W. SIEGERT**
Attorney for Defendant
Li Xing Inc.
Office & P.O. Address
307 Fifth Avenue, 4th Floor
New York, NY 10016
**Tel: (212) 564-8181**
Fax: (212) 564-4414
Email: paulsiegert@aol.com