**PAUL W. SIEGERT (PS 8521)**
Attorney for Defendant,
Li Xing Inc. d/b/a Szechuan Gourmet
Office & P.O. Address
307 Fifth Avenue, 4th Floor
New York, NY 10016
**Tel:   (212) 564-8181**
Fax:   (212) 564-4414
Email: paulsiegert@aol.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF NEW YORK

-----------------------------------------------------------------------X

**PEDRO FONTANES,**

                              Case No. **1:16-CV-4618**

          Plaintiff,

                              **AMENDED ANSWER**

    -v-

**LI XING INC.** d/b/a Szechuan
Gourmet, and **CENTURY TOWER
LLC,**

         Defendants.

-----------------------------------------------------------------------X

      Defendant, Li Xing Inc., d/b/a Szechuan Gourmet, by its attorney, Paul W. Siegert, as and for its Answer to the Complaint, alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "1".

      2.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "2".

3. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "3".

4. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "4".

5. Admits the allegations contained in paragraph "5".

6. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "6".

7. Denies and admits as above the allegations incorporated by reference in paragraph "7".

8. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "8" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

9. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "9" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

10. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "10" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

11. Denies knowledge or information sufficient to form a belief with respect to

the allegations contained in paragraph "11" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

12. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "12" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

13. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "13" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

14. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "14" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

15. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "15" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

16. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "16" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute

prohibiting discrimination on the basis of disability.

17. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "17" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

18. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "18" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

19. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "19" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

20. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "20" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

21. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "21" as to plaintiff visiting the premises as a customer and further denies knowledge or information sufficient to form a belief with respect to the allegations of noncompliance.

22. Denies knowledge or information sufficient to form a belief with respect to

43. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "43" except admits that the the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(g)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

44. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "44".

45. Denies the allegations contained in paragraph "45".

46. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "46" except admits that the the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

47. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "47" except admits that the the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(g)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

48. Denies and admits as above the allegations incorporated by reference in paragraph "48".

49. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "49" except admits that the New York Civil Rights

Law (N.Y. Civil Rights Law § 40-c(2)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

50. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "50" except admits that the New York Civil Rights Law (N.Y. Civil Rights Law § 40-d) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

51. Denies the allegations contained in paragraph "51".

52. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "52" except admits that the New York Civil Rights Law (N.Y. Civil Rights Law § 40-d) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

53. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "53".

## FIRST AFFIRMATIVE DEFENSE

54. Although plaintiff has made the conclusory allegation that removal of the purported Americans with Disabilities Act of 1990 ("ADA") violations is "readily achievable", plaintiff has failed to articulate a plausible proposal for barrier removal and the costs of which facially do not clearly exceed its benefits.  Since plaintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable (i.e., can be accomplished easily and without much difficulty or expense), plaintiff has failed to allege a prima facie case and, as a result, the complaint must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

54. This defendant intends to and is currently coming into compliance with the applicable requirements of the ADA. When that occurs during the pendency of this lawsuit, this Court will lose subject matter jurisdiction based on mootness and no attorneys fees will be available to plaintiff. *Buckhannon Board and Care Home, Inc. et al., v. West Virginia Dept. of Health and Human Resources, et al.*, 532 U.S. 598, 121 S.Ct 1835, (2001).

## THIRD AFFIRMATIVE DEFENSE

55. Plaintiff does not have standing to bring this lawsuit and assert the various claims and demands being made. Plaintiff resides more than eight miles away from the subject restaurant and there is no reasonable factual, evidentiary, legal or even logical basis for any trier of fact to conclude that plaintiff desires to re-visit this restaurant especially because plaintiff is allegedly disabled and there are no less than 35 Chinese restaurants closer to plaintiff's home. The action must be dismissed.

**WHEREFORE,** this answering defendant demands judgment dismissing the complaint together with the costs and disbursements of this action.

Dated:    New York, New York
          September 7, 2016

                                          _____
                                          **PAUL W. SIEGERT**
                                          Attorney for Defendant, **LI XING INC.**

To:

Deon J. Nossel, Esq.
253 West 72nd Street, #507
New York, NY 10023

Century Tower LLC
555 Route 18 South, #377
East Brunswick, NJ 08816

Century Tower LLC
35 Jernee Drive
East Brunswick, NJ 08816

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

**SHANNON SHEN**, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years, and resides in Yonkers, New York and that on the 7th day of September, 2016, she served the within <u>Amended Answer</u> upon the following attorney/party at the following address:

Deon J. Nossel, Esq.
253 West 72nd Street, #507
New York, NY 10023

Century Tower LLC
555 Route 18 South, #377
East Brunswick, NJ 08816

Century Tower LLC
35 Jernee Drive
East Brunswick, NJ 08816

by depositing a true copy thereof enclosed in a properly addressed, post-paid wrapper, by first class mail, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

_____
SHANNON SHEN

Sworn to before me on the
7th day of September, 2016

_____
Notary Public

PAUL W. SIEGERT
Notary Public State of New York
No. 02SI4608295
Qualified in Westchester County
Commission Expires January 22, 2018

Docket No. 1:16-CV-4618
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

___

**PEDRO FONTANES,**

                                      Plaintiff,

-v-

**LI XING INC.** d/b/a Szechuan Gourmet, and **CENTURY TOWER LLC,**

                                     Defendants.

___

**AMENDED ANSWER**

___

**PAUL W. SIEGERT**
Attorney for Defendant
Li Xing Inc.
Office & P.O. Address
307 Fifth Avenue, 4th Floor
New York, NY 10016
**Tel: (212) 564-8181**
Fax: (212) 564-4414
Email: paulsiegert@aol.com