PAUL W. SIEGERT (PS 8521)
Attorney for Defendant,
Century Tower LLC
Office & P.O. Address
307 Fifth Avenue, 4th Floor
New York, NY 10016
Tel:   (212) 564-8181
Fax:   (212) 564-4414
Email: paulsiegert@aol.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF NEW YORK
-------------------------------------------------------------------------X

PEDRO FONTANES,

                        Case No. **1:16-CV-4618**

        Plaintiff,

                        **ANSWER**

        -v-

**LI XING INC.** d/b/a Szechuan
Gourmet, and **CENTURY TOWER
LLC**,

        Defendants.

-------------------------------------------------------------------------X

        Defendant, Century Tower, LLC, by its attorney, Paul W. Siegert, as and for its Answer to the Complaint, alleges as follows:

        1.     Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "1".

        2.     Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "2".

3. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "3".

4. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "4".

5. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "5".

6. Admits that the limited liability company has an office at 35 Jernee Drive, East Brunswick, NJ 08816.

7. Denies and admits as above the allegations incorporated by reference in paragraph "7".

8. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "8" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

9. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "9" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

10. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "10" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

11. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "11" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

12. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "12" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

13. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "13" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

14. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "14" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

15. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "15" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

16. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "16" except admits that the Americans with

Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

17. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "17" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

18. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "18" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

19. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "19" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

20. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "20" except admits that the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, is a comprehensive civil rights statute prohibiting discrimination on the basis of disability.

21. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "21" as to plaintiff visiting the premises as a customer and further denies knowledge or information sufficient to form a belief with respect to the allegations of noncompliance.

22. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "22".

23. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "23".

24. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "24".

25. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "25".

26. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "26".

27. Denies the allegations contained in paragraph "27" insofar as defendant has (wilfully) discriminated and (intends) to continue to discriminate.

28. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "28".

29. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "29".

30. Denies and admits as above the allegations incorporated by reference in paragraph "30".

31. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "31" except admits that the New York State Human Rights Law (N.Y.Exec. Law § 296(2)(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance

thereof.

32. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "32" except admits that the New York State Human Rights Law (N.Y.Exec. Law § 296(2)(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof and further denies that this defendant has *wilfully* refused to remove barriers.

33. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "33" except admits that the New York State Human Rights Law (N.Y.Exec. Law § 296(2)(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

34. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "34" except admits that the New York State Human Rights Law (N.Y.Exec. Law § 296(2)(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

35. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "35" except admits that Li Xing Inc. is the lessee of the premises.

36. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "36" except admits that Century Tower LLC is the building owner.

37. Denies the allegations contained in paragraph "37".

38. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "38" except admits that the New York State Human Rights Law (N.Y.Exec. Law § 297(9)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

39. Denies and admits as above the allegations incorporated by reference in paragraph "39".

40. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "40" except admits that the New York City Human Rights Law (N.Y.C. Admin Code § 8-107(4)(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

41. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "41" except admits that the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

42. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "42" except admits that the New York City Human Rights Law (N.Y.C. Admin Code § 8-102(9)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

43. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "43" except admits that the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(g)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

44. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "44".

45. Denies the allegations contained in paragraph "45".

46. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "46" except admits that the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(a)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

47. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "47" except admits that the New York City Human Rights Law (N.Y.C. Admin Code § 8-502(g)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

48. Denies and admits as above the allegations incorporated by reference in paragraph "48".

49. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "49" except admits that the New York Civil Rights

Law (N.Y. Civil Rights Law § 40-c(2)) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

50. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "50" except admits that the New York Civil Rights Law (N.Y. Civil Rights Law § 40-d) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

51. Denies the allegations contained in paragraph "51".

52. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "52" except admits that the New York Civil Rights Law (N.Y. Civil Rights Law § 40-d) is in existence and respectfully invites this Court's attention to said statute at the time of trial to determine the import and signficance thereof.

53. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "53".

**WHEREFORE,** this answering defendant demands judgment dismissing the complaint together with the costs and disbursements of this action.

Dated:   New York, New York
         September 19, 2016

_____
**PAUL W. SIEGERT**
Attorney for Defendant, **Century Tower LLC**

To:

Deon J. Nossel, Esq.
253 West 72nd Street, #507
New York, NY 10023

Docket No. 1:16-CV-4618
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

**PEDRO FONTANES,**

                                Plaintiff,

-v-

**LI XING INC.** d/b/a Szechuan Gourmet, and **CENTURY TOWER LLC,**

                                Defendants.

---

**ANSWER OF CENTURY TOWER LLC**

---

**PAUL W. SIEGERT**
Attorney for Defendant
Century Tower LLC
Office & P.O. Address
307 Fifth Avenue, 4th Floor
New York, NY 10016
**Tel:   (212) 564-8181**
Fax:  (212) 564-4414
Email: paulsiegert@aol.com